4b 565
110 300

METCALF & SYLER, in Error, v. WILEY · DENSON.

AGENCY. *Liability of agent for over-payment. Case in judgment.* The principal is alone liable for money paid to his agent, which the payer has the right to recall, but which he fails to do until it has been paid over by the agent to the principal. But this rule does not apply to cases where the agent receives the money outside of his agency and of his own wrong. Thus, a law firm was over-paid the amount of a judgment in favor of a non-resident client, and the over-payment was attributable to their failure to inform the judgment debtor of a previous payment thereon by his debtor, of which he had no notice. The transmission of the over-payment to the client before discovery of the mistake,

*Held*, no protection to the firm against liability for its re-payment to the judgment debtor:

Authorities cited: Story on Agency, §§300, 301, note 3 ; Addison on Contracts, p. 650.

FROM FRANKLIN.

Appeal from the Chancery Court.    A. S. MARKS, Chancellor.

L. METCALF, for complainant.

J. J. WILLIAMS and FITZPATRICK, for defendant.

MCFARLAND, J., delivered the opinion of the Court.

Metcalf & Syler, Attorneys-at-Law, obtained a judgment against Denson, in favor of one Martin, who resided in Texas, in the Circuit Court of Franklin County. Upon this judgment payments were made

to the attorneys by Denson, and also by one Russey, who was indebted to Denson, and who, by agreement, made payments on this judgment for Denson. A final settlement was had between Denson and said attorneys, when he paid them what was assumed to be the balance—$134—and they receipted the execution docket in full. In this settlement, a payment of $100, made by Russey on the 5th of December, 1870, and which had not been entered on the execution docket, was omitted, and, as a result in the final settlement, Denson paid $100 too much, and, to recover this sum back, the present action was brought against said attorneys.

The first question made is, that the attorneys, having remitted the money to their clients, as they insist, before discovering the mistake, are not liable, and that Denson's remedy is against their principal, Martin.

It is very clear, as argued, that where money is paid to an agent for the use of his principal, which the payer has the right to recall, he must do so before the money is paid over; otherwise, he must look to the principal only. Story on Agency, §300, 301.

But it is otherwise where the agent receives the money outside of his agency and of his own wrong. Then he cannot protect himself by paying it to his principal. Addison on Contracts, p. 650; Story on Agency, §300, note 3. Here there was no question between Martin and Denson as to the amount due. That was settled by judgment. The attorneys were

authorized to collect this amount for their principal. Beyond that they had no authority to act for or bind him. Denson, at the time of the final payment, was not informed of the previous $100 payment made by Russey. The final overpayment is attributable more directly to their failure to so inform him. The result of this would be, that the excess of the last payment would be held by the attorneys for the use of Denson; money demanded and received by them, to which neither they nor their clients were entitled. We do not say how it would be in a case where the overpayment was the result of a mere mistake or inadvertance; in legal contemplation, no more attributable to one party than the other, and where the money is paid over before the mistake is discovered. It is conceded that no wrong was intended by the attorneys, but, in legal contemplation, they are chargeable with having demanded and received $100 on the judgment which had been previously paid them, and of which they had knowledge and the plaintiff had not. In such case, we think the plaintiff should not be turned over to his remedy against a non-resident. The question in this precise form we do not find discussed in the authorities referred to, but we think it is governed by the general principles referred to. See note 3 to §300, Story on Agency.

2nd. It is next argued that the plaintiff's remedy was against Russey, to recover the $100 paid by him, but we think it very clear that he is in no wrong, and that his payment having been accepted by the

defendants and ratified by the plaintiff, he cannot be compelled to pay it. again.

3rd. It is argued, in behalf of Metcalf, that he is not liable, because the money was received by his partner, and not by him, and that he is not bound by the acts of his partner of this character.

The $100 payment of 5th December, 1870, was to Syler, but this payment was proper, and clearly within the power and scope of the attorneys' authority, and could not be recovered back. The error was in the last payment, and although the defendant, Metcalf, proves that he did not receive any part of the money, it appears that he participated in the transaction, and made or signed the receipt on the execution docket, showing the final payment. This being so, we must hold that both were liable.

It is said that some of the payments made by Russey, but not the $100 payment referred to, was in property, and not valid payments; but the attorneys received these payments for fees due them, and, besides, this would be a question for Martin, and was never made. The result would not be changed, any way.

The charge of the Court, taken with reference to the facts, was in accordance with our views, and the judgment for the plaintiff will be affirmed.